## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ANDREW THOMAS LEHET,**

    **Plaintiff,**

v().                                       **Case No.: 8:14-CV-1937-T-33EAJ**

**U.S. DEPARTMENT OF VETERANS AFFAIRS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Andrew Thomas Lehet's ("Plaintiff's") **Application to Proceed in District Court without Prepaying Fees or Costs** (Dkt. 14), which the court construes as a motion for leave to proceed in forma pauperis.[1]  Plaintiff's previous in forma pauperis motion was denied without prejudice, with leave for Plaintiff to file an amended complaint that establishes the court's jurisdiction and states a claim under federal or state law over which this court has jurisdiction. (Dkt. 11)  Plaintiff has filed an amended complaint. (Dkt. 12)

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v.

---

[1] The motion has been referred to the undersigned for disposition or a Report and Recommendation. (Dkt. 14) See 28 U.S.C. § 636(b); Local Rules 6.01(b) and (c), M.D. Fla.

Kristi Cleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citation omitted).

Plaintiff has established the requisite inability to proceed without paying the costs of this action. In his affidavit, Plaintiff states that he receives $764.00 per month in Social Security benefits and $46.00 in public assistance. He has $5.00 in a savings account and $75.00 in a checking account. His monthly expenses total 759.50, including $86.00 for rent, $160.00 for utilities, $60.00 for food, $20.00 for laundry and dry cleaning, $35.00 for medical and dental expenses, $80.00 for transportation, $83.49 for motor vehicle insurance, and $235.01 for motor vehicle installment payments. Plaintiff also receives assistance through the Department of Housing and Urban Development's Veterans Affairs Supportive Housing Program to assist with his rent payment. (Dkt. 14 Ex. 1 at 3)

However, Plaintiff's amended complaint again fails to establish this court's jurisdiction. In his amended complaint, Plaintiff asks that the court erase psychiatric treatment records from his Department of Veterans' Affairs ("VA") file, which the VA is using to deny his service-connected rights. (Dkt. 12 at 3-4) Plaintiff contends that these records were created as a result of court-ordered treatment he received as part of his sentence in United States v. Lehet, No. 8:03-CR-297-T-17TGW (M.D. Fla. Oct. 3, 2005).

As Plaintiff is challenging the decision to deny him veteran's benefits, this court is without jurisdiction over Plaintiff's claim. See Hall v. U.S. Dep't of Veterans' Affairs, 85 F.3d 532, 535 (11th Cir. 1996) (per curiam) ("Thus, under the [Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988)], judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board [of Veterans Appeals], then to the Court of Veterans Appeals, the Federal Circuit Court of

Appeals and the Supreme Court.").

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1) Plaintiff's motion to proceed in forma pauperis (Dkt. 14) be **DENIED**; and

(2) Plaintiff's amended complaint (Dkt. 12) be dismissed for failure to state a claim.

**Date: October 30, 2014**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:

Pro Se Plaintiff

District Judge

3